Filed 12/7/22  P. v. Courtney CA3
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>DERRICK COURTNEY,<br><br>　　　　Defendant and Appellant. | C091706<br><br>(Super. Ct. No. 02F00882)<br><br>OPINION ON TRANSFER |

Defendant Derrick Courtney appeals from the trial court's order denying his petition for resentencing under Penal Code[1] former section 1170.95 (now section 1172.6).[2]  Defendant argues the trial court erred when it determined he was ineligible for

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).  We will refer to the section by its new numbering.

1

resentencing as a matter of law based on the jury's robbery-murder special circumstance finding.

We filed an unpublished opinion on October 12, 2021, affirming the trial court's order. Our Supreme Court granted review of the matter on December 22, 2021, and transferred the case to us with directions to vacate our previous decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698. Defense counsel submitted a letter indicating that, in the interim, the trial court granted a writ of habeas corpus, vacated defendant's special circumstance finding as well as his murder conviction, and resentenced defendant consistent with section 1172.6. After reviewing the supporting orders from the trial court, we conclude that we can provide no effective relief to defendant through this appeal and will dismiss the appeal as moot.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2004, a jury found defendant guilty of first degree murder (§ 187, subd. (a)), robbery while acting in concert (§§ 211, 213, subd. (a)(1)(A)), and possession of a firearm by a felon (former § 12021, subd. (a)(1)). The jury also found true allegations that defendant personally used a firearm as to the murder and robbery counts (§§ 12022.5, subd. (a), 12022.53, subd. (b)) and a robbery-murder special circumstance as to the murder count (§ 190.2, subd. (a)(17)).

On appeal, we affirmed the convictions and corrected an error in the fines imposed. (*People v. Courtney* (Sept. 28, 2006, C047770) [nonpub. opn.].)[3] Our opinion laid out the evidence introduced at trial. In short, defendant and codefendant Melvin Peete robbed the victim at his home. As they left the home in the victim's car, Peete shot the victim, who died shortly thereafter.

---

[3] At defendant's request, we incorporated by reference the record in the direct appeal from his convictions.

On January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.), which was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life," became effective. (Stats. 2018, ch. 1015, § 1(f).)  Senate Bill No. 1437 achieved these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if (1) "[t]he person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor "in the commission of murder in the first degree"; or (3) "[t]he person was a major participant in the underlying felony and acted with reckless indifference to human life . . . ." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added former section 1170.95 to provide the resentencing petition process for a "person convicted of felony murder or murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a).)  Subdivision (c) of section 1172.6 sets forth the process for the trial court to consider such a petition. Under section 1172.6, subdivision (c), the court reviews the petition to determine if the petitioner has made a prima facie showing that the petitioner is entitled to relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 957-958.)  "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

In 2019, defendant filed a form petition for resentencing under former section 1170.95.  In the petition, defendant declared that a complaint, information, or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that he was convicted of first degree or second degree murder under the felony-murder rule or

3

the natural and probable consequences doctrine, and that he could not now be convicted of first or second degree murder based on the recent changes to sections 188 and 189. He requested that the court appoint him counsel. The petition also attached portions of the reporter's transcript from trial, including the return of the verdicts and portions of the jury instructions.

The trial court appointed counsel and received briefing from the parties. The court then issued a written decision denying the petition, saying defendant would first need to vacate the robbery-murder special-circumstance finding in a habeas corpus proceeding before seeking relief under section 1172.6.

While the case was pending before the Supreme Court, defendant filed, and the trial court granted, a writ of habeas corpus and the trial court vacated the special circumstance finding. The trial court proceeded to grant a second petition for resentencing under section 1172.6, vacated defendant's murder conviction, and resentenced him on the remaining convictions.

## DISCUSSION

"As a general rule, ' " 'the duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " ' [Citation.] Thus, an ' "action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events." ' [Citations.] Put another way, ' "[a]n appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief." ' [Citation.]" (*People v. Pipkin* (2018) 27 Cal.App.5th 1146, 1149-1150.) Here, no effective relief can be offered to defendant because the murder conviction, which was the subject of the petition at issue in this appeal, has already been

4

vacated by a later petition.  Thus, the appeal must be dismissed because the underlying issue has already been resolved.

## DISPOSITION

The appeal is dismissed.


/s/
HOCH, Acting P. J.


We concur:


/s/
RENNER, J.


/s/
KRAUSE, J.

5